914 So.2d 1151 (2005)
Anthony BRITTON, Plaintiff-Appellant
v.
Don WILLIAMS and ABC Insurance Company, Defendant-Appellee.
No. 40,341-CA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 2005.
*1152 Fewell-Kitchens by Richard L. Fewell, Jr., Robert Thomas Knight, West Monroe, for Appellant, Anthony Britton.
Theus, Grisham, Davis & Leigh by Marcy A. Allen, Monroe, for Appellees, Don Williams and Farmers Insurance Exchange.
Before WILLIAMS, GASKINS and DREW, JJ.
DREW, J.
Plaintiff, Anthony Britton, appeals from the trial court's grant of summary judgment dismissing all of plaintiff's claims against Don Williams and Farmers Insurance Exchange. For the reasons assigned below, the judgment of the trial court is hereby reversed and the matter remanded for further proceedings.

FACTS
Allegedly:
 Anthony Britton was injured on July 2, 2003, when he fell from a 450 Timberjack logging skidder while working for his cousin, Bobbie Britton;
 Bobbie had hired Anthony to assist him in cutting wood on the property of Don Williams; and
 the accident happened when Anthony Britton exited the skidder and fell to the ground due to no stairs on the side of the skidder.
On August 21, 2003, Anthony Britton filed suit against Mr. Williams alleging that the cause of the accident was Williams' negligence as the owner of the skidder by failing to:
 properly warn of and repair the defect,
 properly supervise the plaintiff, and

*1153  instruct him on how to use the defective equipment.
Don Williams filed a pro se answer in which he alleged that:
 Bobbie Britton had approached him about helping him purchase the skidder so that they could cut the timber on the defendant's property, and
 Mr. Williams sold the skidder to Bobbie Britton but never exercised any control over it.
Attached to the answer is a bill of sale executed between Mr. Williams and Bobbie Britton on June 28, 2003, in which the latter purchased a 1984 model 450A Timberjack logging skidder from the former for $7,500.00. The document purports to be notarized, although the notary's signature is illegible.
Anthony Britton filed an amending and supplemental petition to name Farmers Insurance Exchange, Mr. Williams' insurer, as a defendant in the action. In due course, an answer denying the allegations of the amending and supplemental petition was filed by the defendants.
On January 14, 2005, Mr. Williams and Farmers Insurance filed a motion for summary judgment alleging that Mr. Williams was not the owner of the allegedly defective equipment, nor did he have any custody or control over it on the date of the accident. Absent any evidence to the contrary, the motion alleged that no genuine issue of material fact existed which precluded summary judgment in favor of the defendants, dismissing plaintiff's claims against them.
In support of the motion, the defendants submitted the affidavit of Donna Sanderson, the notary public who notarized the aforementioned bill of sale between Mr. Williams and Bobbie Britton. In the affidavit, she attests to the fact that the document was executed in her presence on June 28, 2003. She attests that her notary services were provided as part of her employment with Lagniappe Auto Title and that it was customary at Lagniappe to make copies of the driver's licenses of those whose signatures were being notarized. Her affidavit indicates that her search of Lagniappe's business records yielded a copy of Bobbie Britton's driver's license in a folder marked "June 2003." Lastly, the affidavit identifies an attached copy of the bill of sale as a true and correct copy of the document she notarized. With the exception of Ms. Sanderson's initials being added, the document attached to her affidavit does not appear to differ from that previously attached by Mr. Williams to his answer.
Defendants also submitted the affidavit of Mr. Williams in which he attested to these facts:
 that he sold the subject Timberjack skidder to Bobbie Britton on June 28, 2003, for $7,500.00;
 that the transaction was memorialized in the bill of sale executed before a notary public employed with Lagniappe Auto Title; and
 that he exercised no control, custody, garde or ownership over the skidder after he sold it to Bobbie Britton, including the date of July 2, 2003, the date of the alleged accident.
In opposition to the motion for summary judgment, Anthony Britton submitted the deposition testimony and affidavit of Bobbie Britton, which:
 contradicts the defendants' assertion and the bill of sale itself regarding whether he and Mr. Williams appeared before a notary public on June 28, 2003, to execute the sale agreement;
 asserts that the parties actually appeared before the notary public sometime after the accident; and

*1154  swears that the document was back-dated at the request of Mr. Williams.
However, the deposition and affidavit, when read together, are unclear as to when Bobbie Britton alleges that the document was in fact executed. His deposition testimony suggests that it was after the lawsuit was filed, while his affidavit indicates that it was "several days after the accident, presumably on July 4th or 5th, 2003." At least one of these statements is incorrect. Nevertheless, he unequivocally asserts that the document was backdated to June 28, 2003, to put everything in his name as of the date of the accident, even though on that date the skidder was actually owned by Williams.
The motion for summary judgment came for hearing on March 17, 2005. After hearing arguments, the trial court granted the defendants' motion for summary judgment. On March 28, 2005, a written judgment was signed, granting summary judgment and dismissing with prejudice all of the plaintiff's claims against the defendants. The instant appeal followed.

DISCUSSION
Plaintiff assigns error to the trial court's granting of summary judgment by arguing that Bobbie Britton's affidavit and deposition testimony created a genuine issue of fact as to whether Mr. Williams did in fact own the skidder from which the plaintiff fell, thereby giving rise to potential liability on his part. While not specifically argued by the plaintiff, the more pertinent question is whether a genuine issue of fact can be created with parol evidence which directly contravenes a written contract previously executed by the affiant.
The motion for summary judgment is a procedural device to avoid a fullscale trial when there is no genuine issue of material fact. Daugherty v. Magnolia Estates of Vicksburg, Inc., 39,587 (La.App. 2d Cir.04/06/05), 900 So.2d 227. Summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Racine v. Moon's Towing, 2001-2837 (La.05/14/02), 817 So.2d 21. Appellate courts review summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Taylor v. Rowell, 1998-2865 (La.05/18/99), 736 So.2d 812.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. An issue is genuine if reasonable persons could disagree. In other words, if the evidence precludes reasonable persons from reaching all but one conclusion, there is no need for a trial on that issue. In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. A fact is material when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery by potentially insuring or precluding recovery, affecting a litigant's ultimate success, or determining the outcome of the legal dispute. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.07/05/94), 639 So.2d 730.
The basis of the motion for summary judgment in this case is that Mr. Williams was neither the owner nor custodian of the skidder on the date of the accident so as to give rise to liability under La. C.C. art. *1155 2317.1. This article provides that the owner or custodian of a thing is answerable for damage which is occasioned by its ruin, vice, or defect, upon a showing that he knew or should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. La. C.C. art. 2317.1. Since there is no evidence as to whether Mr. Williams exercised any actual custody over the skidder at the time of the accident, it is axiomatic that any genuine question as to whether he "owned" the skidder would be material to the issue of his potential liability for the damages allegedly suffered by the plaintiff.
In proving the lack of ownership and/or custody, the defendants have submitted the bill of sale by which Mr. Williams allegedly transferred ownership of the skidder to the plaintiff's cousin, Bobbie Britton, approximately four days before the accident. They also submitted the affidavits of Mr. Williams and the notary public before whom the document was executed in which they attest to the fact that the document correctly represents the date on which the execution thereof occurred. Accordingly, the burden shifted to the plaintiff to show either that no such transfer of ownership occurred prior to the accident, or that Mr. Williams exercised custody over the skidder after the sale. There being no evidence that Mr. Williams exercised any custody over the skidder on July 2, 2003, we need only address whether plaintiff created a genuine issue of fact as to whether ownership was in fact transferred prior to the accident.
Defendants contend that the deposition and affidavit testimony of Bobbie Britton is "legally insufficient" to create a genuine issue of material fact because parol evidence may not be admitted to negate the contents of an act under private signature duly acknowledged. We disagree.
Louisiana Civil Code article 1848 governs the use of parol evidence when interpreting an authentic act or an act under private signature, and provides as follows:
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.
The purpose of the parol evidence rule is to prevent one who has represented, by making a private act, or has sworn, by making an authentic act, that his agreement is as written, from contradicting that representation absent some vice of consent. To allow one who has signed the writing to give parol evidence, in the absence of some vice of consent, is to invite and encourage him to impeach himself by making inconsistent statements. However, the rule is not without exception. The article provides that parol evidence may be admissible in the interest of justice to prove such circumstances as a vice of consent, a simulation or the subsequent modification by oral agreement.
The list of exceptions does not purport to be exclusive, nor has the jurisprudence recognized it as such. Pertinent to the issue before us are those cases which have held that testimonial proof to negate the contents of a written act is admissible to show that the act was entered in fraudem legis. See Smith v. Smith, 239 La. 688, 119 So.2d 827 (1960); Mobley v. Harrel, 571 So.2d 662 (La.App. 2d Cir.1990). If parol evidence is admissible to show that a fraud has been practiced on one of the contracting parties or on the law itself, *1156 then, a fortiori, it should be admissible when the fraud has been perpetrated on a third party to deprive him of a legal remedy. If a party to a written act is afforded the opportunity to prove the act was procured through fraud, then a third party, utterly defenseless to the acts of the contracting parties, should be afforded the same opportunity.
We make no assumptions as to the veracity of Bobbie Britton's assertions regarding the date on which the document was executed or whether Mr. Williams caused it to be backdated. Those are credibility determinations to be made by the trial court. However, we find that Bobbie Britton's affidavit and deposition testimony were competent evidence to create a genuine issue of fact as to whether Mr. Williams was the owner of the skidder on the date of the accident. Because that question of fact is material to the issue of whether or not Mr. Williams has potential liability regarding the damages suffered by the plaintiff, summary judgment was not appropriate.
We are unpersuaded by defendants' argument that, even if admissible, plaintiff's evidence is insufficient to meet the burden of producing strong or convincing evidence which they allege is required to contest the contents of an act under private signature citing Couvillion v. Couvillion, 2003-2006 (La.App. 1st Cir.6/25/04), 886 So.2d 474, writ denied, XXXX-XXXX (La.10/29/04), 885 So.2d 596. Assuming this assertion of plaintiff's burden to be correct,[1] the determination of whether the evidence is "strong" or "convincing" is one which requires the trial court to make credibility determinations and to weigh evidence, both of which are inappropriate in a summary judgment proceeding.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting Don Williams' and Farmers Insurance Exchange's motion for summary judgment is reversed, and this case is remanded for further proceedings. Costs of this appeal are to be borne by appellees.
REVERSED AND REMANDED.
NOTES
[1] It is arguable that because the court in Couvillion, supra, was dealing with an attack on an authentic act, the burden enunciated therein might not be applicable to an attack on an act under private signature, which is not ordinarily afforded the same deference as authentic acts.