985 So.2d 141 (2008)
Bennett FLEMING
v.
JE MERIT CONSTRUCTORS, INC., Performance Contractors, Inc., and The Dow Chemical Company.
No. 2007 CA 0926.
Court of Appeal of Louisiana, First Circuit.
March 19, 2008.
*142 Neil D. Sweeney, Steven K. Schilling, Baton Rouge, LA, for Plaintiff/Appellant, Bennett Fleming.
David M. Bienvenu, Jr., Todd S. Manuel, John Allain Viator, Jennifer M. Sigler, Baton Rouge, LA, and F. Barry Marionneaux, Plaquemine, LA, for Defendant/Appellee, The Dow Chemical Company.
John J. Rabalais, Heather Whittington Blackburn, Covington, LA, for Defendant/Appellee, JE Merit Constructors, Inc.
R. Scott Jenkins, Vanessa W. Servat, New Orleans, LA, for Defendant/Appellee, Performance Contractors, Inc.
Before PARRO, KUHN, and DOWNING, JJ.
*143 KUHN, J.
Plaintiff appeals a summary judgment dismissing his tort claims against The Dow Chemical Company (Dow), based upon a finding that Dow was plaintiff's statutory employer. For the reasons that follow, we affirm.

FACTUAL AND PROCEDURAL HISTORY
Dow entered into an "Agreement for Services" with HBT, Inc. (HBT), effective December 26, 1994, whereby HBT would perform contracting services for Dow as requested "from time to time." A copy of the pertinent contract contains the handwritten notation "14375" in the upper right-hand corner of the first page. The contract contained a provision stating that any and all amendments to the agreement would be in writing, signed by both parties, and contain the statement: "[I]t is our intent to modify the December 26, 1994 contract between The Dow Chemical Company and HBT, Inc." The contract was signed by a Dow employee and by HBT's president, Eric L. Hebert.
At the time the parties' agreement was confected, Louisiana law did not require the existence of a written contract between a principal and a contractor to establish a statutory employer relationship. However, in 1997, the Louisiana legislature amended LSA-R.S. 23:1061 by adding subsection A(3), to provide, in pertinent part:
Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees . . . unless there is a written contract between the principal and a contractor . . . which recognizes the principal as a statutory employer.

(Underlining added.) See 1997 La. Acts, No. 315, § 1.
Consequently, on October 20, 1999, Dow sent a letter to HBT regarding the foregoing change in the law. The letter, typed on Dow letterhead, specifically referenced "Contract 14845, 14607, 14375, 14490" and provided, in part, as follows:
On June 18, 1997, Governor Mike Foster signed SB922, a bill introduced in the 1997 Regular Session of the Louisiana Legislature. SB922 addresses the concept of "statutory employment". . . . It basically grants immunity from suit in tort to the principal employer (ie., Dow) in exchange for the principal being liable for worker's compensation payments to a "statutory employee" should their direct employer for some reason not be able to pay.
The new law requires that the contract between the direct employer and the principal state that the principal intends that the employee be its statutory employee before the principal can assert the immunity. This immunity will then be extended if the work the employee is engaged in at the time of the injury is "part of the principal's trade, business, or occupation" and "is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products or services."
We are in the process of amending all of our contracts which provide any labor services here in Louisiana to include the intention of Dow to continue to be the statutory employer of the contractor's employee per the change in the new law requiring this written provision.
Therefore, pursuant to the terms and conditions of our original Agreement, we hereby express our intent to amend the initial contract to include the following:

Dow (as principal employer) and the Contractor (as direct employer) mutually agree that it is their intention to recognize Dow as the statutory *144 employer of the Contractor's employees, whether direct employees or statutory employees of the Contractor, while Contractor's employees are providing work and/or services to Dow under this Agreement.
This amendment is effective as of the date of the contract currently in place. All other terms and conditions remain the same.
If this is your understanding of our Agreement, so indicate your acceptance by signing and returning one copy of this amendment within ten (10) business days of the date hereof.
 The Dow Chemical Company
 Louisiana Operations
 Daniel Bellard
 Purchasing Department
Dow's letter seeking to amend the original contract to expressly recognize its status as a statutory employer (statutory employer letter) was accepted and agreed to by HBT with the signature of its president, Eric L. Hebert, on October 20, 1999.
On May 13, 2004, Bennett Fleming, an employee of HBT, was operating a cherry picker at the Dow facility in Plaquemine, Louisiana, when he allegedly sustained injuries as a result of a chemical release occurring on the premises. Mr. Fleming subsequently filed suit against several defendants, including Dow. In answering Mr. Fleming's petition, Dow presented various affirmative defenses, including its assertion that it was Mr. Fleming's statutory employer. Accordingly, Dow argued that it could not be liable in tort and that workers' compensation was Mr. Fleming's sole remedy.
Thereafter, Dow filed a motion for summary judgment seeking the dismissal of Mr. Fleming's tort claims against it. Appended to the motion was the affidavit of Dow's Market Supply Manager, Brian Carver, attesting that the December 1994 "Agreement for Services" and the October 1999 statutory employer letter amending that agreement constituted the contract in effect between HBT and Dow on the date of Mr. Fleming's alleged exposure.[1] He further stated that it was the "intent of Dow . . . to invoke the provisions of La. R.S. 23:1061 and establish that equipment operator craftsmen, brought onto the premises by HBT" were statutory employees of Dow.
Dow also submitted the affidavit of its Maintenance Process Leader, Larry Rushing, the individual responsible for planning, coordinating, and managing maintenance activities, including the comprehensive inspection and maintenance[2] of Dow's Glycol II Plant where Mr. Fleming was working at the time of the incident. According to Mr. Rushing, both the inspection and maintenance of the Glycol II Plant and the activities of Mr. Fleming in operating the cherry picker to move heavy equipment so that the inspection and maintenance could be performed were integral activities essential to Dow's ability to generate its goods, products, or services.
Mr. Fleming responded to Dow's motion by filing an opposition memorandum; however, he failed to submit any supporting affidavits or deposition testimony. Following a hearing on the motion, the trial court granted summary judgment in favor of Dow. This appeal by Mr. Fleming followed.

*145 APPLICABLE LAW
Summary Judgment
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. Duplantis v. Dillard's Dept. Store, XXXX-XXXX, p. 5 (La.App. 1 Cir. 5/9/03), 849 So.2d 675, 679, writ denied, XXXX-XXXX (La.10/10/03), 855 So.2d 350. A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B.
The initial burden of proof is on the moving party. However, on issues for which the moving party will not bear the burden of proof at trial, the moving party's burden of proof on the motion is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial; failure to do so shows there is no genuine issue of material fact. LSA-C.C.P. art. 966 C(2); Duplantis, XXXX-XXXX at p. 5, 849 So.2d at 679-80.
Statutory Employer
Under the Louisiana Workers' Compensation Act (the Act), an employer is liable for compensation benefits to an employee who is injured as a result of an accident arising out of and in the course of employment LSA-R.S. 23:1031. Generally, the rights and remedies under the Act, LSA-R.S. 23:1021-1415, provide an employee's exclusive remedy against the employer for such injury. LSA-R.S. 23:1032.
The Act applies both to a direct employer/employee relationship, as well as to a statutory employer/employee relationship. Specifically, LSA-R.S. 23:1061 A(1) provides that when a "`principal' . . . undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as a `contractor,' for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032. . . . "[3]
The doctrine of "statutory employer" codified in LSA-R.S. 23:1061, was amended in 1997 to provide that, except in the two-contract situation set forth in LSA-R.S. 23:1061 A(2), a statutory employer relationship "shall not exist . . . unless there is a written contract between the principal and a contractor . . . which recognizes the principal as a statutory employer." LSA-R.S. 23:1061 A(3). It further provides that when there is such a written contractual recognition of the relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees that may only be overcome by showing the work performed is not an integral part of or essential to the ability of the principal to generate that principal's goods, products, or services. LSA-R.S. 23:1061 A(3).
An employer seeking to avail itself of tort immunity bears the burden of proving its entitlement to immunity. Weber v. State, 93-0062, p. 5 (La.4/11/94), 635 So.2d 188, 191. Furthermore, immunity *146 statutes must be strictly construed against the party claiming the immunity. Weber, 93-0062 at p. 8, 635 So.2d at 193. The ultimate determination of whether a principal is a statutory employer entitled to immunity is a question of law for the court to decide. Jackson v. St. Paul Ins. Co., XXXX-XXXX, p. 7 (La.App. 1 Cir. 12/17/04), 897 So.2d 684, 688, writ denied, XXXX-XXXX (La.3/24/05), 896 So.2d 1042; Maddox v. Superior Steel, XXXX-XXXX, p. 4 (La.App. 1 Cir. 9/28/01), 814 So.2d 569, 572.

DISCUSSION
In the instant case, Mr. Fleming asserts the trial court erred in finding that the requisite written contract recognizing Dow's status as a statutory employer existed between Dow and HBT at the time of his alleged exposure. Specifically, Mr. Fleming argues that the December 1994 "Agreement for Services" between Dow and HBT does not recognize Dow as a statutory employer. He further asserts that Dow's statutory employer letter dated October 20, 1999 cannot be considered a proper amendment to the parties' "Agreement for Services" because it failed to satisfy that contract's express requirements pertaining to amendments. Moreover, he argues that parol evidence is inadmissible to vary the terms of the original "Agreement for Services" to add recognition of Dow as the statutory employer.
Mr. Fleming's assertion that contracts have the effect of law for the parties is certainly true. However, it is equally true that a contract may be modified by the mutual consent of the parties. Cajun Constructors, Inc. v. Fleming Const. Co., Inc., XXXX-XXXX, p. 8 (La.App. 1 Cir. 11/15/06), 951 So.2d 208, 214, writ denied, XXXX-XXXX (La.4/5/07), 954 So.2d 146. Hence, written contracts may be modified by oral contracts or by the conduct of the parties, even when the written contract contains the provision that it must be modified in writing. Id.; Newman Marchive Partnership, Inc. v. City of Shreveport, 41,460, pp. 10-11 (La.App. 2 Cir. 11/1/06), 944 So.2d 703, 710, writs denied, XXXX-XXXX, XXXX-XXXX (La.3/9/07), 949 So.2d 448 and 452. Modification of a written agreement can be presumed by silence, inaction, or implication. Cajun Constructors, XXXX-XXXX at p. 8, 951 So.2d at 214; Aqua Pool Renovations, Inc. v. Paradise Manor Community Club, Inc., XXXX-XXXX, p. 5 (La.App. 5 Cir. 7/27/04), 880 So.2d 875, 880.
Courts are obligated to give legal effect to contracts according to the common intent of the parties. See LSA-C.C. art. 2045. Based on the clear language of the statutory employer letter herein, it is patent that Dow and HBT intended it to serve as an amendment of their original agreement in order to comply with the amended statute requiring a written contract expressly recognizing Dow as a statutory employer. Furthermore, there was no legal requirement that the original "Agreement for Services" be in writing; thus, parol evidence is admissible to prove a subsequent agreement to modify or even to abrogate the original written contract.[4]See Capitol Nursing Home, Inc. v. Nixon, 99-0378, pp. 8-9 (La.App. 1 Cir. 3/31/00), *147 764 So.2d 1016, 1020-21, writ denied, XXXX-XXXX (La.6/16/00), 765 So.2d 336.
Even so, Mr. Fleming contends that there is no way to connect the statutory employer letter to any particular contract, including the "Agreement for Services" originally entered into by Dow and HBT. Such a contention is undermined by the inclusive language of the statutory employer letter, its specific reference to the hand-written number marking the original contract, and the affidavit of Dow's Market Supply Manager Brian Carver, stating that the combined documents formed the contract between Dow and HBT.
However, even if the statutory employer letter did not serve to amend the original "Agreement for Services," Dow insists that the statutory employer letter stands on its own as a contract between itself and HBT sufficient to satisfy the requirements of LSA-R.S. 23:1061 A(3). Conversely, Mr. Fleming contends that the statutory employer letter, in and of itself, is not a contract as contemplated by LSA-R.S. 23:1061 A(3), because it was not signed by a representative of Dow. Dow counters that the pertinent statute in no way requires that a Dow representative actually affix his or her signature to a document, in this case the statutory employer letter, in order to perfect a valid written contract.
After a thorough review of the record, we find Mr. Fleming's argument to be without merit. Regardless of whether LSA-R.S. 23:1061 A(3) actually requires the parties' signatures, as Mr. Fleming contends, we nonetheless note that, despite Mr. Fleming's assertion to the contrary, Dow did indeed sign the statutory employer letter at issue.[5] As this court observed in Reno v. Travelers Home and Marine Insurance Co., 02-2637, p. 4 (La.App. 1 Cir. 11/7/03), 867 So.2d 751, 754, a printed or typed "signature" is sufficient, provided the signature is authorized and intended to constitute the signature. "Generally, in the absence of a statute prescribing the method of affixing a signature, it may be written by hand, printed, stamped, typewritten, engraved, or [provided] by various other means." Id.
Here, the typewritten statutory employer letter concluded, as follows:
 The Dow Chemical Company
 Louisiana Operations
 Daniel Bellard
 Purchasing Department
No one disputes Mr. Bellard's authority to "sign" the letter, and it is abundantly clear that the above was intended to constitute a signature. We note that the document only provided a signature space for HBT's representative, and there is no indication on the document itself that a Dow representative was expected to sign the document in the same manner as HBT's representative. The letter was prepared under Dow's direction and reflected Dow's clear intent to be bound by the agreement once HBT assented to it. See LSA-C.C. art. 1927. Accordingly, we find no merit in Mr. Fleming's allegation that the trial court erred in finding that the necessary written contract recognizing Dow's status as a statutory employer existed between Dow and HBT at the time of his alleged exposure.
Having found the existence of a written contract as required by LSA-R.S. 23:1061, Dow is presumed to be the statutory employer of Mr. Fleming. To rebut this presumption, Mr. Fleming bore the burden of demonstrating that the work he was performing *148 at the time he sustained his injuries was not an integral part of or essential to Dow's ability to generate its goods, products, or services. Mr. Fleming failed to offer any evidence whatsoever to support such a finding. Because he failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, Mr. Fleming failed to establish the existence of a genuine issue of material fact. See LSA-C.C.P. art. 966C(2). Accordingly, the trial court properly concluded that Dow was entitled to judgment as a matter of law.

DECREE
For the foregoing reasons, the summary judgment granted in favor of Dow hereby is affirmed. Bennett Fleming is assessed with the costs of this appeal.
AFFIRMED.
NOTES
[1] A copy of the "Agreement for Services" as well as a copy of the statutory employer letter were referenced within and attached to Mr. Carver's affidavit.
[2] According to Mr. Rushing, the comprehensive inspection and maintenance of a plant is commonly referred to as a "turnaround."
[3] Under LSA-R.S. 23:1061 A(1), "work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services."
[4] The purpose of the parol evidence rule set forth in LSA-C.C. art. 1848 is to prevent one who has represented, by making a private act, or has sworn, by making an authentic act, that his agreement is as written, from contradicting that representation absent some vice of consent. However, the rule is not without exception. The article provides that parol evidence may be admissible in the interest of justice to prove such circumstances as a vice of consent, a simulation, or the subsequent modification by oral agreement. Britton v. Williams, 40,341, p. 7 (La.App. 2 Cir. 10/26/05), 914 So.2d 1151, 1155.
[5] Given the facts in this particular case, it is unnecessary for us to rule on whether the written document contemplated by LSA-R.S. 23:1061 A(3) requires the parties' signatures to be effective.