## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2017 CW 1577R

JUSTIN LUKE KING

VERSUS

DEBUSK SERVICES GROUP, L.L.C., ET AL.

*DATE OF JUDGMENT:* SEP 0 4 2019

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
NUMBER 631733, SECTION 21, PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

HONORABLE JANICE G. CLARK, JUDGE

* * * * * *

David L. Bateman
Baton Rouge, Louisiana

Counsel for Plaintiff - Respondent
Justin Luke King


Timothy P. Hurley
Robert K. Denny
New Orleans, Louisiana

Counsel for Defendant - Relator
Motiva Enterprises, L.L.C.

* * * * * *

BEFORE: WHIPPLE, C.J., GUIDRY, MCDONALD, THERIOT, AND CHUTZ, JJ.

Disposition: WRIT GRANTED; REVERSED AND RENDERED.

Whipple, C.J. Concurs for the reasons assigned.

MRT Dissents with reasons.

**CHUTZ, J.**

In this personal injury suit, defendant, Motiva Enterprises, L.L.C. (Motiva), seeks review through an application for supervisory writ of review of the district court's denial of Motiva's motion for summary judgment, which sought dismissal of plaintiff, Justin King's, tort claims against Motiva. For the following reasons, we grant the writ application, reverse the district court judgment, and grant summary judgment in favor of Motiva.

## FACTS AND PROCEDURAL BACKGROUND

On May 1, 2012, Motiva and S&S Tool & Supply, Inc. d/b/a S&S Supplies and Solutions (S&S) entered into Purchase Contract DS19852. Under the Purchase Contract, S&S agreed to provide services related to turnaround activities at the Motiva plant in St. Charles Parish. The Purchase Contract provided that, solely for workers' compensation purposes, Motiva was the statutory employer of S&S's "employees, agents, or subcontractors." On June 28, 2012, S&S subcontracted with Sprint Safety, Inc. (Sprint) to perform a portion of the services S&S was obligated to provide for Motiva under the Purchase Contract.

Plaintiff was an employee of Sprint and was assigned to work at the Motiva plant. On October 13, 2013, plaintiff was injured while working inside the Motiva plant when an explosion occurred within a vacuum truck owned and operated by Debusk Services Group, LLC (Debusk). Plaintiff claimed he was knocked to the ground and "took the brunt of the sound wave emitted from the blast." As a result, plaintiff allegedly suffered injuries to his wrist and permanent hearing loss.

On July 8, 2014, plaintiff filed a personal injury suit against Debusk and its insurer. Plaintiff subsequently amended his petition to add tort claims against Motiva, as the plant owner and operator.[1]

---

[1] Plaintiff also named several other defendants in his amended petitions who are not parties to this appeal.

2

Motiva filed a motion for summary judgment on the basis that it was plaintiff's statutory employer. In support of this contention, Motiva relied on the language in its Purchase Contract with S&S providing that Motiva was the statutory employer of S&S's employees, agents, or subcontractors. Since Sprint was a subcontractor of S&S, Motiva argued that Sprint's employees, including plaintiff, were Motiva's statutory employees under the language of the Purchase Contract. Therefore, Motiva asserted it was entitled to immunity from tort liability under La. R.S. 23:1032(A).

Plaintiff opposed the motion for summary judgment but did not offer any supporting evidence. He argued since there was no contractual relationship between Motiva and Sprint, Motiva could be plaintiff's statutory employer only if S&S also was plaintiff's statutory employer. Plaintiff asserted S&S was not his statutory employer "[s]ince the contract between [S&S] and [Sprint] was not in tandem with another contract ("two contract theory") and did not have the appropriate language recognizing [S&S] to be the statutory employer of [Sprint's] employees." In further support of his position, plaintiff pointed to language in the contract between S&S and Sprint stating that Sprint and any person performing on its behalf "shall not be considered an employee" of S&S, which "shall not" be required to pay workers' compensation on behalf of Sprint's employees. Thus, plaintiff maintained that because he could not be a statutory employee of S&S in view of this contractual language, he likewise could not be a statutory employee of Motiva.

The matter was set for hearing on August 28, 2017. Due to inclement weather, the parties waived oral argument and submitted the matter on briefs. A minute entry, dated October 4, 2017, states that the district court denied Motiva's motion for summary judgment, "being of the opinion that genuine issues of

3

material fact exist with respect to tandem contracts." The district court signed a judgment denying Motiva's motion for summary judgment on November 15, 2017. Motiva filed a supervisory writ application with this court seeking review of the district court's judgment.

Upon initial review of the matter, this court issued a briefing schedule to the parties pursuant to La. C.C.P. art. 966(H).[2] Subsequently, a five-judge panel issued a writ decision granting Motiva's writ application, reversing the denial of Motiva's motion for summary judgment, and rendering summary judgment dismissing plaintiff's tort claims against Motiva. See *King v. Debusk Services Group, L.L.C.*, 17-1577 (La. App. 1st Cir. 5/23/18) (unpublished writ action). The majority reasoned that Motiva was entitled to statutory employer status because plaintiff failed to overcome the presumption conferred on Motiva by La. R.S. 23:1061(A)(3).[3] Two judges dissented on the grounds that genuine issues of material fact existed, although the issues in question were not delineated. Plaintiff sought review of this court's writ decision by writ application to the Louisiana Supreme Court, which granted the writ application and remanded this matter to this court for briefing, argument and full opinion. See *King v. Debusk Services Group, L.L.C.*, 18-1054 (La. 10/29/18), 254 So.3d 696. Accordingly, the parties were given an additional opportunity to brief this matter and oral arguments were held before this court.

---

[2] This provision states that upon review of the denial of a motion for summary judgment:

> [A]n appellate court shall not reverse a trial court's denial of a motion for summary judgment and grant a summary judgment dismissing a case or a party without assigning the case for briefing and permitting the parties an opportunity to request oral argument.

[3] This provision provides, in pertinent part, as follows:

> When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

4

## APPLICABLE LAW

### *Summary Judgment*:

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the district court's determination of whether summary judgment is appropriate; *i.e.*, whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3); *Schultz v. Guoth*, 10-0343 (La. 1/19/11), 57 So.3d 1002, 1005-06.

Louisiana Code of Civil Procedure article 966(D)(1) places the initial burden of producing evidence at the hearing on the motion for summary judgment on the mover, who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. *Schultz*, 57 So.3d at 1006. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can only be seen in light of the substantive law applicable to the case. *Pumphrey v. Harris*, 12-0405 (La. App. 1st Cir. 11/2/12), 111 So.3d 86, 89.

### *Statutory Employer*:

Under the Louisiana Workers' Compensation Act (the Act), La. R.S. 23:1021, *et seq.*, an employee injured in an accident while in the course and scope of his employment is generally limited to the recovery of workers' compensation benefits as his exclusive remedy against his employer and, thus, may not sue his employer in tort. The Act applies both to a direct employer/employee relationship

5

as well as to a statutory employer/employee relationship. *Mitchell v. Southern Scrap Recycling, L.L.C.*, 11-2201 (La. App. 1st Cir. 6/8/12), 93 So.3d 754, 757, writ denied, 12-1502 (La. 10/12/12), 99 So.3d 47; *Labranche v. Fatty's, LLC*, 10-0475 (La. App. 1st Cir. 10/29/10), 48 So.3d 1270, 1272.

An employer seeking to avail itself of tort immunity bears the burden of proving its entitlement to immunity. Furthermore, immunity statutes must be strictly construed against the party claiming the immunity. *Mitchell*, 93 So.3d at 758.

Statutory employer immunity is governed by La. R.S. 23:1061(A), which provides that when a principal[4] undertakes to execute any work that is a part of his trade, business, or occupation[5] and contracts with a contractor for the execution of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, is entitled to "the exclusive remedy protections of R.S. 23:1032." Accordingly, a "statutory employer" within the meaning of the Act is entitled to statutory immunity from tort liability. La. R.S. 23:1061(A)(1); *Mitchell*, 93 So.3d at 757. Louisiana Revised Statutes 23:1061 provides two bases for finding statutory employment. *Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Authority*, 02-1072 (La. 4/9/03), 842 So.2d 373, 378.

The first instance is when the principal is in the middle of two contracts, referred to as the two-contract theory. A statutory employment relationship exists under the two-contract theory when: (1) the principal enters into a contract with a

---

[4] Louisiana Revised Statutes 23:1032(A)(2) defines a "principal" as:

[A]ny person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.

[5] Under La. R.S. 23:1061(A)(1), "work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services."

third party; (2) pursuant to that contract, work must be performed; and (3) in order for the principal to fulfill its contractual obligation to perform the work, the principal enters into a subcontract for all or part of the work to be performed. La. R.S. 23:1061(A)(2); *Allen*, 842 So.2d at 379.

The second basis for finding a statutory employer-employee relationship occurs when: (1) a principal undertakes work that is part of his trade, business, or occupation[6] by means of a written contract with a contractor that is the employee's immediate *or statutory employer*; and (2) the contract between the principal and contractor *recognizes the principal as a statutory employer.* See La. R.S. 23:1061(A)(1) & (3); *Allen*, 842 So.2d at 378.

When there is recognition of the relationship in a written contract, a rebuttable presumption arises that the principal is the statutory employer of the contractor's employees. The presumption may be overcome only by showing that the work performed is not an integral part of or essential to the ability of the principal to generate its goods, products, or services. La. R.S. 23:1061(A)(3); *Labranche*, 48 So.3d at 1272-73. The worker bears the burden of rebutting the presumption. See *Fleming v. JE Merit Constructors, Inc.*, 07-0926 (La. App. 1st Cir. 3/19/08), 985 So.2d 141, 147-48; *Everett v. Rubicon, Inc.*, 04-1988 (La. App. 1st Cir. 6/14/06), 938 So.2d 1032, 1043, writ denied, 06-1785 (La. 10/13/06), 939 So.2d 369.

The ultimate determination of whether a principal is a statutory employer entitled to tort immunity is a question of law for the court to decide. *Mitchell*, 93 So.3d at 758.

---

[6] The principal's "trade, business, or occupation" is defined by La. R.S. 1061(A)(1) as work that is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

7

## DISCUSSION

Motiva contends the district court erred in denying its motion for summary judgment by: (1) finding genuine issues of material fact existed regarding the "tandem contracts;" and (2) failing to apply the clear language of the Purchase Contract providing that Motiva was the statutory employer of S&S's subcontractors for workers' compensation purposes.

Initially, we note it is unclear what contracts the district court was referring to when, as reflected in the October 4, 2017 minute entry, it concluded there were genuine issues of material fact regarding "tandem contracts." The district court did not identify the "tandem contracts" or the purported material issues of fact. Additionally, in opposing Motiva's motion for summary judgment, plaintiff never asserted, in the district court or this court, that any issues of material fact existed in this matter. Most importantly, our *de novo* review has revealed no existing issues of material fact[7] either with respect to the Purchase Contract between Motiva and S&S or the subcontract between S&S and Sprint. Thus, in the absence of any genuine issues of material fact, the crucial issue before this court is whether Motiva is entitled to judgment as a matter of law on the grounds that it was plaintiff's statutory employer.

Applying the precepts of La. R.S. 23:1061 to the facts of this case, we conclude Motiva is entitled to summary judgment in its favor as a matter of law. The Purchase Contract between Motiva and S&S, provides that Motiva shall be considered the statutory employer of S&S's "employees, agents, or subcontractors" for workers' compensation purposes. Because the term "employees" is used broadly and without limitation in the statutory employer provision of the Purchase Contract, the only reasonable interpretation of the provision is that it applies both

---

[7] For summary judgment purposes, a "material fact" is one whose existence or non-existence may be essential to a cause of action under the applicable theory of recovery. *Hogg v. Chevron USA, Inc.*, 09-2632 (La. 7/6/10), 45 So.3d 991, 997.

8

to S&S's immediate and statutory employees. Thus, if S&S is found to be plaintiff's statutory employer, Motiva also must be considered to be plaintiff's statutory employer under the language of the Purchase Contract. Moreover, a statutory employer relationship with plaintiff would entitle Motiva to tort immunity. La. R.S. 23:1032(A); La. R.S. 23:1061(A).

Louisiana Revised Statutes 23:1061(A)(2) provides as follows:

> A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.

An examination of the evidence presented by Motiva, which was unrefuted by plaintiff, reveals all the requirements were met for finding S&S to be the statutory employer of plaintiff under the two-contract theory.[8] Specifically, (1) S&S (the principal) entered into a contract (Purchase Contract) with an entity (Motiva) other than plaintiff's immediate employer (Sprint); (2) pursuant to that contract, S&S was required to perform services for Motiva; and (3) in order to perform those services, S&S entered into a contract with Sprint, to provide certain services at the Motiva plant. See La. R.S. 23:1061(A)(2); *Allen*, 842 So.2d at 379; *Berard*, 169 So.3d at 843. Therefore, S&S was plaintiff's statutory employer under La. R.S. 23:1061(A)(2).

---

[8] We reject plaintiff's argument that S&S cannot be his statutory employer because of the language in the contract between S&S and Sprint (plaintiff's immediate employer) providing that any Sprint employee "shall not be considered an employee of [S&S]." A contract providing that a subcontractor is an independent contractor and its employees shall not be employees of the contractor does not alter a statutory employer relationship created by statute between a contractor and a subcontractor's employees. See *Berard v. The Lemoine Co., LLC*, 15-152 (La. App. 3d Cir. 7/8/15), 169 So.3d 839, 844, writ denied, 15-1516 (La. 10/23/15), 179 So.3d 606; *Salmon v. Exxon Corporation*, 824 F.Supp. 81, 86-87 (W.D. La. 1993). Regardless of any contractual language, an entity cannot relieve itself of its statutory obligation to provide workers' compensation coverage. The compensation remedy is exclusive and, except for limited circumstances not applicable here, cannot be waived by contract. See La. R.S. 23:1033, 1035, 1035.2, 1037 & 1045-1048; *Locker v. Wilson*, 536 So.2d 441, 443 (La. App. 2d Cir. 1988), writ denied, 537 So.2d 210 (La. 1989); *Salmon*, 824 F.Supp. at 86-87.

Because S&S was plaintiff's statutory employer, the language in the Purchase Contract recognizing the statutory employer relationship between Motiva and S&S's employees (including statutory employees) created a rebuttable presumption that Motiva was also plaintiff's statutory employer. See La. R.S. 23:1061(A)(3). The only way to overcome the presumption was to show that the work performed was "not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." La. R.S. 23:1061(A)(3). Plaintiff bore the burden of rebutting the presumption created by the Purchase Contract that Motiva was his statutory employer. See *Fleming*, 985 So.2d at 147-48; *Everett*, 938 So.2d at 1042.

In support of its motion for summary judgment, Motiva offered the affidavit of Kevin Petit, who was the contract and procurement manager at the Motiva plant where plaintiff was injured. In his affidavit, Mr. Petit indicated plaintiff was working at the Motiva plant at the time of his injury performing services pursuant to purchase orders issued to S&S and Sprint (plaintiff's immediate employer) in accordance with the Purchase Contract between Motiva and S&S. Mr. Petit further indicated the services were being performed during turnaround operations. Work related to turnarounds has previously been recognized as being a normal part of a plant's operations that are essential to the plant's continued safe and efficient operations. See *Boudreaux v. Freeport Chemical Company*, 576 So.2d 615, 621 (La. App. 4th Cir. 1991); *Jones v. Motiva Enterprises, LLC.*, (E.D. La. 2002) (unpublished), 2002WL1919818 at *2; *Salmon*, 824 F.Supp. at 86.

Plaintiff failed to produce any evidence to rebut the presumption that Motiva was his statutory employer by establishing he will be able to prove at trial that the work he was performing was not integral or essential to Motiva's plant operations. Because plaintiff failed to rebut the statutory employer presumption, Motiva was

10

entitled as a matter of law to judgment dismissing plaintiff's tort claims pursuant to the tort immunity provided by La. R.S. 23:1032(A) and La. R.S. 23:1061(A). See *Fleming*, 985 So.2d at 148. The district court erred in denying Motiva's motion for summary judgment.

## CONCLUSION

For the above reasons, the writ application of defendant, Motiva Enterprises, L.L.C. is granted, the November 15, 2017 judgment of the district court denying defendant's motion for summary judgment is hereby reversed, and summary judgment is granted in favor of Motiva Enterprises, L.L.C. dismissing, with prejudice, the tort claims of plaintiff, Justin King, against Motiva Enterprises, L.L.C. Plaintiff is to pay all costs of this appeal.

**WRIT GRANTED; REVERSED AND RENDERED.**

11

JUSTIN LUKE KING

VERSUS

DEBUSK SERVICES GROUP,
L.L.C., ET AL

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2017 CA 1577R

**WHIPPLE, C.J. concurring.**

Although questions of statutory employer status generally involve factual determinations, plaintiff herein relied essentially upon the contract language. Absent any other supporting evidence, I agree with the majority's ultimate conclusion that Motiva is entitled to summary judgment in its favor herein, as a matter of law, dismissing plaintiff's tort claim against it.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2017 CA 1577R

JUSTIN LUKE KING

VERSUS

DEBUSK SERVICES GROUP, L.L.C., ET AL.

THERIOT, J., dissents and assigns reasons.

Immunity statutes must be strictly construed against the party claiming immunity. *Mitchell v. Southern Scrap Recycling, L.L.C.,* 11-2201 (La. App. 1 Cir. 6/8/12), 93 So.3d 754, 758, <u>writ denied</u>, 12-1502 (La. 10/12/12), 99 So.3d 47.

Considering the relationship of the parties and the language of the contract executed by Motiva and S&S and the contract executed by S&S and Sprint, I do not find that Motiva satisfied La. R.S. 23:1061(2) or La. R.S. 23:1061(3). Therefore, a rebuttable presumption of a statutory employer relationship was never established.