## VOLUME 156

### CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1923

(99 South. 889)

No. 24848.

**VAN ARSDALE et al. v. MILLER.**

(March 31, 1924. Rehearing Denied by Division A April 21, 1924.)

*(Syllabus by Editorial Staff.)*

**Vendor and purchaser** ☞227—Sales; member of partnership not entitled to rely on record showing title in firm.

Where a deed to a partnership was for security merely, and the debt had been paid, partnership's grantee could not rely on record as a third person, so as not to be bound by latent rights as between grantor and the partnership; such grantee being a member of such firm and having drawn the instruments involved.

Appeal from Second Judicial District Court, Parish of Webster; Robert Roberts, Jr., Judge.

Action by Lucius Van Arsdale and others against Joe R. Miller. Judgment for plaintiffs, and defendant appeals. Affirmed.

L. K. Watkins, of Minden, for appellant.

Thomas W. Robertson, of Shreveport, for appellees.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

DAWKINS, J. Plaintiffs brought this suit to compel defendant to desist from slandering their title to certain real property, or to require that he vindicate his claim of ownership in an appropriate proceeding. They assailed certain deeds from their father and ancestor in title to Stewart, Reagan & Miller, an alleged partnership of which defendant was a member; another from the said firm to Reagan & Miller, Limited, a corporation; and a third from the latter to defendant. They further charge that the first act was intended as a mortgage or security for a debt; that a counter letter had been executed at the time, showing this fact. and as to all of which acts and purported transfers defendant was party, having written them

himself; that the debt had long since been paid and the said inscriptions should be canceled and erased from the records of Webster Parish.

Defendant denied, in general and specific terms, the allegations of the petition; averred that, subsequent to the execution of the original transfer by plaintiff's father, Stewart, Reagan & Miller had executed in favor of said vendor an option to redeem said property within a limited time, which he had failed to do; and that title thereto in his vendee and subsequent holders had become absolute and perfect. Defendant asked to be adjudged the owner of the property, and that plaintiffs' demands be rejected.

There was judgment for plaintiffs, decreeing them the owners of the land, but rejecting their claim for damages, and defendant has appealed.

### Opinion.

March 30, 1906, Granison Van Arsdale, father of plaintiffs, executed in favor of Stewart, Reagan & Miller. a firm composed of A. A. Stewart, E. B. Reagan, and Joe R. Miller (defendant), a deed covering E. ½ of N. W. ¼ Sec. 15, S. E. ¼ of N. E. ¼ Sec. 16, W. ½ of S. W. ¼ of Sec. 10, and N. W. ¼ of N. W. ¼ of Sec. 15, all in township 18 N., range 10 W., containing 240 acres, with improvements thereon, for the recited consideration of $1,000 cash. Van Arsdale signed with his mark, as he could not read or write.

On April 2, 1906, or two days after the above act was signed, the present defendant drew up in his own handwriting and signed thereto the name of his said firm the following:

"Know all by these presence that we, the firm of Stewart, Reagan & Miller all being present agreeing and binding ourselves in promising to sell and convey to Granison Van-asden. All of the land we acquired of him under deed of March 30th, 1906, we obligate to deed and transfer said land to him if he pays us for same at Minden, La., the sum of eleven hundred and fifty dollars in cash by or before December 31st, 1906, and provided he had just paid us any and all acts and claim he may owe us or that he may have stood security for at time of transfer and that he pay taxes for the year 1906. It is further distinctly understood that this obligation is not transferable and will be considered cancelled if held by any other than said Granison Van-asden. Also is of no force and not binding on us after Dec. 31st, 1906, we keep an impression copy of this in our copy book page 498 this April 2nd, 1906.

"Stewart, Reagan & Miller."

Plaintiffs contend that this document confirms their contention that the original transfer was intended as a security or pignorative contract for the payment of a debt. Van Arsdale and his heirs continued to remain in possession of the property at all times from that date until the filing of this suit. However, defendant contends that they have at various times recognized his title by the payment of rent. This the plaintiffs deny, and the issue of fact was resolved in favor of plaintiffs by the judge below, who doubtless knew and heard the witnesses, and after a careful consideration of the record we do not feel that we would be justified in reaching a different conclusion. The lower court must have concluded also that the plaintiff's father, before his death on August 17, 1918, had paid the indebtedness which the act was intended to secure. Here, again, we think the record supports the finding, as well as the contention that the transaction was intended as a mortgage or security.

It would serve no useful purpose to review in detail the evidence upon which these conclusions are based. But defendant takes the position that he is a third person, entitled to rely upon the record, and cannot be bound by any latent rights that may have existed as between Granison Van Arsdale and Stewart, Reagan & Miller. However, defendant was a member of the said firm, as to which the title to the real property vested in the individual members who composed it. Allen West & Bush v. Whetstone, 35 La. Ann. 846.

He also wrote, executed, and signed the counter letter or "option" to redeem in his own handwriting, and therefore cannot be said to be a third party as to either. Plaintiffs and their father were allowed to remain in undisturbed possession of the property and to pay taxes thereon for more than 15 years, and until they themselves filed this suit. This circumstance, within itself, was and is very strong evidence in support of their present contention, and corroborates in a very substantial way the other evidence in the case. Crutchfield v. Moch, 148 La. 201, 86 South. 744.

For the reasons assigned, the judgment appealed from is affirmed, with costs.

Rehearing denied by Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.