891 So.2d 748 (2004)
Frank WILLIS and Raymond Ballet
v.
REDFISH RENOVATIONS, LLC, and ABC Insurance Company.
No. 2004-CA-0968.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 2004.
*749 Salvador M. Brocato, III, Law Office of Salvador M. Brocato, III, APLC, Metairie, LA, for Plaintiff/Appellant.
Gina P. Campo, Miranda Warwick Milazzo Giordano & Hebbler, Metairie, LA, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III, Judge DENNIS R. BAGNERIS SR., and Judge ROLAND L. BELSOME).
CHARLES R. JONES, Judge.
The Appellants, Frank Willis and Raymond Ballet, appeal the district court *750 judgment granting a motion for summary judgment in favor of the Appellee, Redfish Renovations, L.L.C ("Redfish"). We reverse and remand.

Facts/Procedural History
Redfish is in the business of buying, renovating, and selling properties. In connection with a renovation project on 3016-18 Dumaine Street in New Orleans, Redfish contracted with Rapid Services ("Rapid") for roofing services. Rapid hired the Appellants to perform the roofing work. On April 5, 2002, the Appellants fell off of the roof and were injured. Redfish later sold the property to a third party.
The Appellants filed a Petition for Damages against Redfish. In response, Redfish filed a Motion for Summary Judgment, maintaining its status as a statutory employer of the Appellants. The district court found no genuine issues of material fact and granted Redfish's Motion for Summary Judgment. The Appellants filed this timely devolutive appeal, arguing that the district court erred in granting the Motion for Summary Judgment and finding that Redfish was a statutory employer of the Appellants at the time of the accident.

Discussion
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). A court must grant a motion for summary judgment "if the depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). The summary judgment procedure is favored under our law. Id.
Workers' compensation legislation was enacted in the early decades of the twentieth century, not to abrogate existing tort remedies that afforded protection to workers, but to provide social insurance to compensate victims of industrial accidents because it was widely believed that the limited rights of recovery under tort law were inadequate to protect these individuals. Roberts v. Sewerage and Water Board of New Orleans, 92-2048 (La.3/21/94), 634 So.2d 341, 345, citing Boggs v. Blue Diamond Coal Co., 590 F.2d 655 (6th Cir.1979). The legislation reflects a compromise between the competing interests of employers and employees: the employer gives up the defense it would otherwise enjoy in cases where it is not at fault, while the employee surrenders his or her right to full damages, accepting instead a more modest claim for essentials, payable regardless of fault and with a minimum of delay. Id.
To insure a compensation remedy to injured workers, the legislature provided that some principals were deemed by statute the employers of employees of other entities for purposes of liability. Louisiana adopted a broad version of the statutory employer doctrine. Allen v. Ernest N. Morial  N.O. Exhibition Hall Authority, 02-1072 (La.4/9/03), 842 So.2d 373. La. R.S. 23:1061 establishes the workers' compensation responsibility of a principal under the statutory employer doctrine.
The corollary provision, La. R.S. 23:1032, proclaims that the rights and remedies granted to an employee or his dependent under the Act shall be "exclusive of all claims, including any claims that might arise against his employer, or any principal." The provision further defines "principal" as "any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he *751 was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof." Id. However, when an employer seeks to avail itself of tort immunity under Section 1032, the employer bears the burden of proving entitlement to the immunity. Weber v. State, 93-0062 (La.4/11/94), 635 So.2d 188, 191. These statutes must be strictly construed against the party claiming the immunity. Id. at 193.
The 1997 amendments to La. R.S. 23:1061 presented some very important additions to the statutory employer determination. Act 315 of 1997 provided that "work shall be considered part of the principal's trade, business or occupation if it is an integral part of or essential to the ability of the principal to generate that individual's principal's goods, products, or services." The amendments further provided that, except in the two-contract situation under La. R.S. 23:1061(A)(2), a statutory employer relationship "shall not exist . . . unless there is a written contract between the principal and the contractor which . . . recognizes the principal as a statutory employer." La. R.S. 23:1061(A)(3). When there is such a written contractual recognition of the relationship, there is then a "rebuttable presumption" of such a relationship, which may be overcome "only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." Id.
In the present case, the record reflects that the contract between Redfish and Rapid does not provide an express provision stating that Redfish was a statutory employer of Rapid's employees. Since the contract between Redfish and Rapid fails to include the necessary provision, Redfish does not satisfy the criteria for a statutory employer pursuant to La. R.S. 23:1061(A)(3). Therefore, in order to be considered a statutory employer, Redfish must fulfill the criteria of the two-contract defense. See La. R.S. 23:1061(A)(2).
The Appellants next argue that the two-contract defense is inapplicable to Redfish because it contemplates a scenario where the principal contracts with a third party in connection with the roofing work. More specifically, the Appellants maintain that Redfish, as the owner of the property where the work was performed, did not hold a contract with any third party for roofing work completed on the property. We agree.
In order to raise the two contract defense, a defendant must establish that: (1) it entered into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the defendant to fulfill its contractual obligation to perform the work, the defendant entered into a subcontract for all or part of the work performed. Allen, 02-1072 at p. 8, 842 So.2d at 379. In the instant suit, Redfish argues that the subsequent Act of Sale, whereby the property was sold to a third-party after the renovations were completed, should be considered as the second contract under the two-contract theory. However, there is no evidence in the record that Redfish entered into the roofing contract with Rapid in order to fulfill a contractual obligation it had with a subsequent purchaser of the property. Therefore, we conclude that the Act of Sale between Redfish and the third-party purchaser does not fall within the meaning of the two-contract defense as contemplated by La R.S.23:1061. Accordingly, we find that Redfish cannot invoke immunity as a statutory employer.

*752 Decree
For the reasons assigned herein, we reverse the judgment of the district court granting summary judgment in favor of Redfish, and remand to the district court for further proceedings in accordance with this ruling.
REVERSED AND REMANDED.
MURRAY, J., dissents with reasons.
MURRAY, J., dissents with reasons.
I would affirm the trial court's decision granting summary judgment. Even assuming that the "two-contract" theory does not apply, the integral relation test under La. R.S. 23:1061(A)(1) applies. The roofing work plaintiffs were performing when they were injured was an integral part of Redfish Renovation, LLC's trade, business, or occupation of buying, renovating, and selling properties. The trial court thus was correct in concluding that Redfish Renovation was plaintiffs' statutory employer and entitled to summary judgment.