GAIDRY, J.
IsThis appeal is from a summary judgment invalidating an indemnity agreement in a contract as violative of La. R.S. 23:1033. We affirm.
FACTS AND PROCEDURAL HISTORY
Formosa Plastics Corporation, Louisiana (“Formosa”), the operator of a chemical manufacturing plant in Baton Rouge, entered into a contract with Harmony, L.L.C. (“Harmony”) on December 1, 2001 for the provision of contract labor by Harmony to perform work at Formosa’s facility. Article 17.3 of the contract, entitled “Injury to Persons and Damages to Property,” was stricken from the contract, and was replaced by the indemnity provisions contained in Attachment # 5:
To the fullest extent permitted by law, [Harmony] shall defend (with counsel selected by [Formosa]), indemnify and hold harmless [Formosa], together with its present and former officers, directors, agents, servants, employees, parent companies, subsidiary companies, affiliated companies, related companies, divisions, and shareholders, and any persons in privity with them or bound to pay judgments on their behalf, from and against all claims, damages, liability, expenses (including, without limitation, attorney’s fees and other costs of defense), and losses arising out of, resulting from, or relating to the performance of the work, and shall include, without limitation, any and all such claims, damages, liability, losses and expenses:
a.Caused or alleged to be caused, in whole or in part, by the sole, concurrent, joint, active or passive negligence and/or gross negligence, or other wrongful act or omission of [Formosa], its parent companies, subsidiary companies, affiliated companies, related companies, or divisions, their present and former officers, directors, agents, servants, employees, shareholders, or any persons in privity with them or bound to pay judgments on their behalf, and/or [Formosa’s] contractors or subcontractors, or anyone directly or indirectly employed by them;
b. For or relating to personal injury, sickness, disease or death, or injury to or destruction of property; or,
c. For or relating to workers’ compensation benefits, unemployment benefits, or employment discrimination of any kind, including but not limited to claims, causes of action, charges, or demands under the Louisiana Workers’ Compensation Laws, Louisiana [Labor Law], Title VII of | sthe Civil Rights Act of 1964, the Civil Rights Act of 1991, the Equal Pay Act, the Fair Labor Standards Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, and/or any other federal, state, or local statute or civil law obligation or duty.
With respect to the obligation of [Harmony] described in the preceding paragraph, above, the term “performance of the work” shall include, but shall not be limited to, the presence on [Formosa’s] premises of [Harmony], any subcontractor, anyone directly or indirectly employed by any of them, or anyone for whose acts any of them may be liable, and shall include, but not be limited to, the use by [Harmony] of materials, tools, equipment, supplies, or facilities furnished by [Formosa] for use by [Harmony] and not to be incorporated in the work.
*1189 Any other provision in the contract notwithstanding, [Harmony’s] duty to indemnify [Formosa] for [Formosa’s] negligence shall not exceed $3,000,000.00 per occurrence, funded by insurance available to [Formosa] as an additional insured, or to the extent such insurance in unavailable to [Formosa], by payment from [Harmony] or [Harmony’s] other insurance.
On November 21, 2004, Formosa employee Randall Smith and Harmony employee Darren Brown were working together at the Formosa facility. Brown was driving a locomotive and Smith was operating the switches on the side of the track, when Smith fell into the path of the locomotive operated by Brown. Smith was injured and subsequently received workers’ compensation benefits for his injuries from Formosa’s workers’ compensation carrier, Zurich American Insurance Company (“Zurich”).
On June 28, 2005, Smith filed suit against Brown and Turner Industries Group, L.L.C.[1] (“Turner Industries”), alleging that Brown’s negligence caused the accident and Smith’s injuries. On September 27, 2005, Formosa and Zurich intervened in the suit, seeking to recover, under the indemnity provisions of the contract, all workers’ compensation and medical benefits paid to Smith. Smith later voluntarily dismissed his claims |4against Brown and Turner Industries with prejudice, leaving the intervention as the only remaining claim in the suit.[2]
Turner Industries and Brown filed a motion for summary judgment on the claims in the intervention, alleging that the contract’s indemnity provisions were in violation of Louisiana law and public policy. After a hearing, the trial court granted the motion, dismissing Zurich and Formosa’s intervention with prejudice. Zurich and Formosa have appealed the summary judgment, alleging that the trial court erred in ruling that the defense and indemnity provisions of the contract were invalid and in . granting summary judgment.
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Fernandez v. Hebert, 06-1558, p. 8 (La.App. 1 Cir. 5/4/07), 961 So.2d 404, 408, writ denied, 07-1123 (La.9/21/07), 964 So.2d 333. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Anglin v. Anglin, 05-1233, p. 5 (La.App. 1 Cir. 6/9/06), 938 So.2d 766, 769. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and *1190 in favor of trial on the merits. Fernandez v. Hebert, 06-1558 at 8, 961 So.2d at 408. Summary judgment is favored and “is designed to secure the just, speedy, and inexpensive determination of every action.” La. C.C.P. art. 966(A)(2).
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Sanders, 96-1751 at 7, 696 So.2d at 1035. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Walker v. Phi Beta Sigma Fraternity (RHO Chapter), 96-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528.
Louisiana Revised Statutes 23:1033, entitled “Contracts against liability prohibited” provides:
No contract, rule, regulation or device whatsoever shall operate to relieve the employer, in whole or in part, from any liability created by this Chapter except as herein provided.
On appeal, Zurich and Formosa argue that La. R.S. 23:1038 only prohibits defense and indemnity agreements to the extent that they infringe on the unconditional right of a claimant to receive benefits under the Workers’ Compensation Act, and as such, the court’s judgment absolving Turner Industries of its obligations under the contract with Formosa was erroneous, and Turner Industries should be made to reimburse Formosa and Zurich for all amounts paid and for all future amounts to be paid under the terms of the contract. Turner Industries argues that La. R.S. 23:1033 is clear that unless the Workers’ Compensation Act expressly allows an employer to | ^contract away its workers’ compensation liability, it is prohibited. Furthermore, Turner Industries argues that the contractual provision is contrary to public policy because it allows an employer to escape both tort liability and workers’ compensation liability.
As our supreme court stated in Roberts v. Sewerage and Water Board of New Orleans, 634 So.2d 341, 343-44:
Workers’ Compensation rests on the sound economic principle that those persons who enjoy the goods or services of a business or other systematic purposeful activity should ultimately bear the cost of the injuries or deaths of its employees that are incident to the production and distribution of its goods and services. Just as in the case of capital structures, machinery and equipment, the expected cost of injury or death to workers can and should be anticipated and provided for in advance through the medium of workers’ compensation insurance, and the premiums for such insurance can be considered an item of production cost in fixing the prices or fees charged for the commodity or service. To operate fairly to all parties, the compensation principle requires predictability and affordability, entailing a compromise between the employer and its employees in which each party surrenders certain advantages under the tort law in order to gain others which are of more importance to each and to society. The employer gives up the immunity it otherwise would enjoy in cases where it is not at fault, and the employee surrenders his or her former right to full damages and accepts instead a more modest claim for bare essentials, payable, however, regardless of the employee’s or employer’s fault and with a minimum of dispute or delay. In other words, the compensation principle essentially ignores the element of *1191 blameworthiness and seeks to allocate the accident costs of an industry or undertaking to users of the product or services of the employer.
Obviously, this compromise, in which the employer and employee each surrender valuable rights, could not be effectuated if either party were free to ignore the Act whenever it would be to his advantage to do so.
(Citations omitted.)
Because the workers’ compensation statutes are in derogation of the universal right to sue for damages provided by La. C.C. art. 2815, the immunity provisions must be strictly construed. See Prejean v. Maintenance Enterprises, Inc., 08-0364, p. 10 (La.App. 4 Cir. 3/25/09), 8 So.3d 766, 773. La. R.S. 23:1033 is clear that except where specifically provided by the Workers’ Compensation Act, no contract shall relieve an employer from any liability created by the Workers’ Compensation Act. This is precisely what the indemnity provision at issue in the case attempts to do— shield an employer from both tort liability and workers’ compensation liability. This is both prohibited by the clear language of La. R.S. 23:1033 and is contrary to public policy. Thus, summary judgment dismissing the claims of Formosa and Zurich was appropriate.
DECREE
The summary judgment dismissing Formosa Plastics Corporation, Louisiana and Zurich American Insurance Company’s claims against Turner is affirmed. Costs of this appeal áre to be shared equally by appellants, Formosa and Zurich.
AFFIRMED.

. Turner Industries is the successor entity to Harmony, L.L.C.

. The parties’ joint pretrial order lists as an established fact that neither Brown nor Turner Industries was negligent in causing the accident that injured Smith. Thus, the only remaining avenue to recovery for Zurich and Formosa in the intervention was under the indemnity agreement.