STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0035

BRENDON PRESTON

VERSUS

SOUTHERN UNIVERSITY THROUGH
THE BOARD OF SUPERVISORS OF SOUTHERN UNIVERSITY
AGRICULTURAL AND MECHANICAL COLLEGE

Judgment Rendered: __IJUL 1 3 2021__

* * * * *

Appealed from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
Trial Court No. 586,376

The Honorable Trudy M. White, Judge Presiding

* * * * *

James M. Williams            Attorneys for Plaintiff/Appellant,
Erin B. Rigsby               Brendon Preston
Metairie, Louisiana


Jeff Landry                  Attorneys for Defendant/Appellee,
Attorney General             State of Louisiana through the
Peter J. Giarrusso           Board of Supervisors for Southern
Assistant Attorney General   University and Agricultural and
Baton Rouge, Louisiana       Mechanical College
and
Wm. David Coffey
Amber Mandina Babin
Assistant Attorneys General
New Orleans, Louisiana

* * * * *

BEFORE: WHIPPLE, C.J., McCLENDON, PENZATO,
WOLFE, AND HESTER, JJ.

Whipple, C.J. dissents for the reasons assigned by J. Penzato.
Penzato, J. dissents and assigns reasons.

**WOLFE, J.**

Brendon Preston appeals a summary judgment dismissing his tort claims against the State of Louisiana through the Board of Supervisors for Southern University and Agricultural and Mechanical College (Southern), as well as the trial court's denial of his motion for new trial. We affirm.

## FACTS AND PROCEDURAL HISTORY

On January 13, 2009, Preston was allegedly injured when he fell into a large hole in the ground on Southern's campus. Preston was employed by Benbrook Contracting, LLC (Benbrook), which was contracted by Southern to perform debris cleanup following Hurricane Gustav. Preston claimed that as he was performing his job duties, he stepped aside to allow a cut tree branch to fall, at which time he fell into the hole. As a result of the accident, Preston sought and was awarded workers' compensation benefits from Benbrook. In January of 2010, Preston filed the instant suit against Southern,[1] seeking damages for his injuries based in tort.

Southern filed a motion for summary judgment in 2016, urging it was Preston's statutory employer and thus immune from tort liability under Louisiana's Workers' Compensation Act. See La. R.S. 23:1032A(1)(a) and 23:1061A. After a hearing, the trial court agreed and orally granted the motion for summary judgment. A final judgment granting the motion and dismissing Preston's claims

---

[1] In a prior decision, this court reversed the trial court's judgment that dismissed the suit for insufficient service of process and remanded the matter to the trial court to allow Preston a reasonable time to cure the defect. See **Preston v. Southern University ex rel. Board of Supervisors of Southern University Agricultural and Mechanical College**, 2011-0307 (La. App. 1st Cir. 9/14/11) (unpublished), 2011 WL 4433753, *2. The defect has since been cured.

was signed on May 24, 2019.[2] Preston filed a motion for new trial, which the trial court denied on October 18, 2019. Preston now appeals both the summary judgment and the denial of his motion for new trial.

## DISCUSSION

On appeal Preston urges three assignments of error, contending the trial court erred in denying his motion for new trial when the summary judgment was granted before he had an adequate opportunity for discovery; without Southern proving the work being performed was part of Southern's trade, business, or occupation; and where genuine issues of fact remained as to whether his injuries were caused by Southern's negligence. Although his assignments of error are framed as challenging the denial of his motion for new trial, Preston's arguments contest the summary judgment, which he has also appealed.[3]

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966A(3). The summary

---

[2]    A prior appeal in this matter was dismissed due to procedural defects. See **Preston v. Southern University through Board of Supervisors of Southern University Agricultural & Mechanical College**, 2018-0566 (La. App. 1st Cir. 2/19/19) (unpublished), 2019 WL 666248. Following that decision, the judgment before us in this appeal was signed. Although the motion for summary judgment was orally granted by Judge Bruce Bennett, Judge Trudy White's signing of the judgment in conformity with Judge Bennett's ruling was within the ambit of the Louisiana Supreme Court's order appointing Judge Bennett to sit *pro tempore* for Judge White. See **Prejean v. McMillan**, 2018-0919 (La. App. 1st Cir. 2/28/19), 274 So.3d 575, 577 n.4; see also La. R.S. 13:4209. Thus, the May 24, 2019 judgment constitutes a valid final judgment over which this court can exercise appellate jurisdiction. See La. Code Civ. P. art. 2083C; **Donahue v. Donahue**, 2016-1853 (La. 11/18/16), 206 So.3d 858, 858-59 (*per curiam*).

[3]    The denial of a motion for new trial is an interlocutory and non-appealable judgment. **McKee v. Wal-Mart Stores, Inc.**, 2006-1672 (La. App. 1st Cir. 6/8/07), 964 So.2d 1008, 1013, writ denied, 2007-1655 (La. 10/26/07), 966 So.2d 583. However, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment. **Landry v. Leonard J. Chabert Medical Center**, 2002-1559 (La. App. 1st Cir. 5/14/03), 858 So.2d 454, 461 n.4, writs denied, 2003-1748, 2003-1752 (La. 10/17/03), 855 So.2d 761. Thus, the interlocutory denial of a motion for new trial is subject to review on appeal in connection with the review of an appealable judgment in the same case. **Moran v. G & G Construction**, 2003-2447 (La. App. 1st Cir. 10/29/04), 897 So.2d 75, 83 n.4, writ denied, 2004-2901 (La. 2/25/05), 894 So.2d 1148.

judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966A(2). The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. La. Code Civ. P. art. 966D(2). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that governs the trial court's determination of whether summary judgment is appropriate. **In re Succession of Beard,** 2013-1717 (La. App. 1st Cir. 6/6/14), 147 So.3d 753, 759-60.

If the mover will bear the burden of proof at trial on the issue before the court on the motion, the burden of showing there is no genuine issue of material fact remains with the mover. See La. Code Civ. P. art. 966D(1); **Spears v. Exxon Mobil Corporation and Turner Industries Group, L.L.C.,** 2019-0309 (La. App. 1st Cir. 12/17/19), 291 So.3d 1087, 1090. When a motion is made and properly supported, an adverse party may not rest on the mere allegations or denials of his pleading; his response, by affidavits or as otherwise provided by law, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. See La. Code Civ. P. art. 967B.

A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. **Larson v. XYZ Insurance Company,** 2016-0745 (La. 5/3/17), 226 So.3d 412, 416. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. **Hines v. Garrett,** 2004-0806 (La. 6/25/04), 876 So.2d 764, 765-66 (*per curiam*); **Smith v. Our Lady of the Lake Hospital,**

**Inc.,** 93-2512 (La. 7/5/94), 639 So.2d 730, 751. Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. **Bryant v. Premium Food Concepts, Inc.,** 2016-0770 (La. App. 1st Cir. 4/26/17), 220 So.3d 79, 82, <u>writ denied</u>, 2017-0873 (La. 9/29/17), 227 So.3d 288.

Under the Louisiana Workers' Compensation Act ("the Act"), an employer is liable for compensation benefits to an employee who is injured as a result of an accident arising out of and in the course of employment. La. R.S. 23:1031. Generally, the rights and remedies under the Act provide an employee's exclusive remedy against the employer for such injury. La. R.S. 23:1032. Louisiana adopted a broad version of the statutory employer doctrine; thus, the Act expressly extends the employer's compensation obligation and its corresponding tort immunity to a "principal," which is also referred to as a "statutory employer." <u>See</u> **Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Authority**, 2002-1072 (La. 4/9/03), 842 So.2d 373, 378; **Spears**, 291 So.3d at 1091.

Louisiana Revised Statutes 23:1061A(1) pertinently provides:

> [W]hen any "principal" ... undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as a "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032[.]

Thus, a statutory employer is liable to pay any employee employed in the execution of the work any compensation due under the Act and, in turn, is entitled to statutory immunity. La. R.S. 23:1061A(1).

The Act extends the employer's compensation obligation and corresponding tort immunity to a statutory employer, in two instances: (1) when a party undertakes to carry out any work that is a part of its trade, business, or occupation by means of a contract with another party; or (2) when a party contracts to perform

5

work and sub-lets any portion of the work to another party (the "two contract" instance). See La. R.S. 23:1032A(1)-(2) and 23:1061A(1)-(2); **Allen**, 842 So.2d at 378. Except in the two-contract instance, which is not at issue herein, "a statutory employer relationship shall not exist . . . unless there is a written contract between the principal and a contractor . . . which recognizes the principal as a statutory employer." La. R.S. 23:1061A(3). When there is written contractual recognition of the relationship, "there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees." La. R.S. 23:1061A(3); see also **Mitchell v. Southern Scrap Recycling, L.L.C.**, 2011-2201 (La. App. 1st Cir. 6/8/12), 93 So.3d 754, 758, writ denied, 2012-1502 (La. 10/12/12), 99 So.3d 47. The presumption may be overcome only by showing the work is not an integral part of or essential to the ability of the principal to generate its goods, products, or services. La. R.S. 23:1061A(3).

An employer seeking to avail itself of tort immunity bears the burden of proving its entitlement to immunity. **Spears**, 291 So.3d at 1092. Further, immunity statutes are strictly construed against the party claiming immunity. **Mitchell**, 93 So.3d at 758. The ultimate determination of whether a principal is a statutory employer entitled to immunity is a question of law for the court to decide. **Patterson v. Raceland Equipment Company, LLC**, 2017-0703 (La. App. 1st Cir. 4/18/18), ___ So.3d ___, ___ (2018 WL 1870156, *3), writ denied, 2018-1018 (La. 10/8/18), 253 So.3d 799.

Southern contends that it was Preston's statutory employer based on its written contract with Benbrook in the form of a purchase order with addenda.[4] The

---

[4]     The purchase order specifically provides that the parties agree it shall constitute a contract governed by the laws of the State of Louisiana. Further, La. R.S. 23:1061A(3) contains no express requirement concerning the nature of the contract. **Spears**, 291 So.3d at 1094.

contract obligated Benbrook to provide emergency tree services and remove debris from Southern's campus. The contract required that Benbrook obtain and provide proof of certain insurance coverage, specifically, "Workers' Compensation—**Statutory**—in compliance with the Compensation law of the State[.]" (Emphasis added.) In connection therewith, the contract mandated that Southern be named as an additional insured on all liability insurance policies.

A contract must be construed as a whole, with each provision in the contract interpreted in light of the other provisions. See La. Civ. Code art. 2050. Further, a contractual provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective. La. Civ. Code art. 2049.

After careful review of the entire contract, which required Benbrook to carry workers' compensation insurance and name Southern as an additional insured on all liability policies, we find that the evidence sufficiently establishes a written contract between Southern and Benbrook that recognizes Southern as the statutory employer of Benbrook's employees. This interpretation of the contract gives effect to all of the contract's provisions, rendering no terms superfluous.

In his appellate brief, Preston concedes that the contract references a statutory employer relationship. However, during oral arguments an issue was raised as to whether a contract must contain a provision *expressly* recognizing the statutory employer relationship to comply with La. R.S. 23:1061A(3), and whether the contract satisfies that requirement. This issue derives from case law analyzing the statute that referenced a requirement of an express recognition in the contract. See, e.g., **Willis v. Redfish Renovations, LLC**, 2004-0968 (La. App. 4th Cir. 12/15/04), 891 So.2d 748, 751, writ denied, 2005-0138 (La. 4/1/05), 897 So.2d 603. To resolve this issue, we turn to well-settled principles of statutory

7

construction, which are expressly applicable to the provisions of the Act. See La. R.S. 23:1020.1D(2).

Legislation is the solemn expression of legislative will; thus, the interpretation of legislation is primarily the search for legislative intent. **In re Succession of Boyter**, 99-0761 (La. 1/7/00), 756 So.2d 1122, 1128. The starting point for interpretation of any statute is the language of the statute itself, as the text of the law is the best evidence of legislative intent. See La. R.S. 1:4 and 24:177B(1); **Rando v. Anco Insulations, Inc.**, 2008-1163, 2008-1169 (La. 5/22/09), 16 So.3d 1065, 1075. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law must be applied as written, and no further interpretation may be made in search of the legislative intent. La. Civ. Code art. 9; La. R.S. 1:4. Unequivocal provisions are not subject to judicial construction and should be applied by giving the words their generally prevailing meaning, with words of art and technical terms accorded their technical meaning. La. Civ. Code art. 11; La. R.S. 1:3. It must be presumed that the legislature intended that every word, sentence, or provision in a statute serve some useful purpose, that some effect is to be given to each such provision, and that the legislature employed no unnecessary words or provisions. Courts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause, or word as meaningless and surplusage if a construction giving force to, and preserving, all words can legitimately be found. **Hartman v. St. Bernard Parish Fire Department & Fara**, 2020-00693 (La. 3/24/21), 315 So.3d 823, 829.

The plain language of La. R.S. 23:1061A(3) requires "a written contract between the principal and a contractor ... which *recognizes* the principal as a statutory employer." (Emphasis added.) The statute contains no requirement that the recognition be express. Had the legislature intended to restrict the statutory

8

employer relationship to those instances in which the contract contains an express provision, it could easily have done so. Although that requirement has been repeated in several cases, we are mindful that legislation is the solemn expression of legislative will. La. Civ. Code art. 2. Custom, which results from the repetition of a practice for a period of time so that the practice is generally accepted as having acquired the force of law, may not abrogate legislation. La. Civ. Code arts. 2 and 3. More importantly, the Act specifically provides that "[i]f the workers' compensation statutes are to be liberalized, broadened, or narrowed, such actions shall be the exclusive purview of the legislature." La. R.S. 23:1020.1D(3). Thus, we are not at liberty to read the word "express" into the statute.[5] Cf. **Allen**, 842 So.2d at 381-83 (holding that a temporal element could not be read into La. R.S. 23:1061-1062 in relation to the two-contract instance of statutory immunity). For the reasons previously set forth herein, the contract sufficiently recognizes Southern as the statutory employer of Benbrook's employees.

Despite acknowledging that the contract/purchase order contains a statutory employer provision, Preston suggests the contract is ambiguous because it contains a clause in which Benbrook agrees to indemnify Southern for injury claims based

---

[5] We recognize that in reviewing contracts to determine whether they comply with La. R.S. 23:1061, this court has on occasion referenced the requirement of a provision expressly recognizing the statutory employer relationship when reciting the general legal principles applicable to the statutory employer doctrine. See **Fleming v. JE Merit Constructors, Inc.**, 2007-0926 (La. App. 1st Cir. 3/19/08), 985 So.2d 141, 146 (explaining that the language of a statutory employer letter evidenced the parties' intent that it serve as an amendment of the original agreement to comply with the statutory requirement of a written contract expressly recognizing the principal as a statutory employer); **Ernest v. Petroleum Service Corp.**, 2002-2482 (La. App. 1st Cir. 11/19/03), 868 So.2d 96, 99, writ denied, 2003-3439 (La. 2/20/04), 866 So.2d 830 (stating initially that the contract did not provide an express statutory employer provision, but later clarifying that *nothing* in the contract provided that the company was the statutory employer). However, those cases are factually distinguishable from the case *sub judice*, in that they did not involve a contract that generally, but not expressly, recognized the statutory employer relationship. Thus, those references were not necessary to this court's rulings in those cases and must be considered purely *obiter dicta* that is not binding on this court. See **Creekstone Juban I, LLC v. XL Insurance America, Inc.**, 2020-0098 (La. App. 1st Cir. 12/7/20) (unpublished), 2020 WL 7136881, *3 n.4; see also **Meaux v. Wendy's International, Inc.**, 2010-2613 (La. 5/13/11), 69 So.3d 412, 413 (*per curiam*)(on rehearing).

on Benbrook's negligence but not for injury claims based on Southern's negligence. Preston argues Southern is not entitled to tort immunity as his statutory employer because the statutory employer relationship established by the contract/purchase order does not relieve Southern of its direct duty to him.

We find no merit to Preston's argument, which we note is presented without specific legal support. The contractual provision on which Preston relies concerns the indemnity rights between Benbrook and Southern and are independent of the contractual provisions that recognize Southern's status as statutory employer. See **Mitchell**, 93 So.3d at 760; see also La. R.S. 23:1061B; 23:1063; **Westgate, LLC v. Eaton Corp.**, 2012-1098 (La. App. 1st Cir. 2/15/13), 113 So.3d 238, 241-43; **Reliance Ins. Co. v. Barnard & Burk, Inc.**, 428 So.2d 1097, 1103 (La. App. 1st Cir.), writ denied, 433 So.2d 154 (La. 1983).

Given the existence of a written contract as required by La. R.S. 23:1061A(3), Southern is presumed to be Preston's statutory employer. See **Spears**, 291 So.3d at 1095; **Mitchell**, 93 So.3d at 760. On the motion for summary judgment, Preston then had the burden of rebutting the presumption by demonstrating that the work he was performing at the time he was injured was not part of Southern's trade, business, or occupation.[6] See La. Code Civ. P. art. 966D(1); **Spears**, 291 So.3d at 1094-95; **Patterson**, ___ So.3d at ___; **Mitchell**, 93 So.3d at 760.

Under La. R.S. 23:1061A(1), "work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." The contract Southern submitted in support of its motion for

_____

[6] Preston's argument on appeal that the burden of proof on this issue was incorrectly placed on him is legally incorrect and his reliance on jurisprudence analyzing prior versions of the statute is misplaced. See La. R.S. 23:1061A(3); **Spears**, 291 So.3d at 1096 n.1 (stating the presumption of statutory employment is sufficient to shift the burden of proof to the employee).

10

summary judgment establishes Benbrook was engaged to perform emergency tree debris removal from Southern's campus, using heavy equipment and ground labor, with Southern to be treated in higher importance to ensure dedicated and early completion. The agreed price for Benbrook's services was $65,000.00. Maintenance and repair work, which by their very nature allow the smooth and continued operation of the principal's business, have been recognized as essential to the principal's ability to provide its services.[7] See **Solomon v. United Parcel Service, Inc.**, 539 So.2d 715, 716-17 (La. App. 3rd Cir.), writ denied, 541 So.2d 839 (La. 1989). Maintaining its campus is integral to Southern's ability to provide its services; therefore, Preston was performing work that was part of Southern's business at the time he was injured. Compare **Jackson v. St. Paul Ins. Co.**, 2004-0026 (La. App. 1st Cir. 12/17/04), 897 So.2d 684, 689, writ denied, 2005-0156 (La. 3/24/05), 896 So.2d 1042; **Lopez v. US Sprint Communications Co.**, 2007-0052 (La. App. 4th Cir. 12/5/07), 973 So.2d 819, 826-27.

On appeal, Preston argues, as he did to the trial court, that Southern is a historically black university that provides student focused teaching and learning environments that creates global leadership opportunities for a diverse student population. Preston contends that "[n]owhere, in the mission found on [Southern's] website is it mentioned that ... cleanup or debris removal is a regular [part] of [Southern's] business." However, the record contains no evidence submitted by Preston to support his claims or sustain his burden of proof.[8] Absent any such evidence, Preston failed to establish the existence of a genuine issue of

---

[7] The cases relied on by Preston are factually distinguishable.

[8] Preston's opposition to Southern's motion for summary judgment is not contained in the appellate record. As the appellant, Preston is responsible for the completeness of the record for appellate review and the inadequacy of the appellate record is imputable to him. See **Moore v. Murphy Oil USA, Inc.**, 2015-0096 (La. App. 1st Cir. 12/23/15), 186 So.3d 135, 143, writ denied, 2016-00444 (La. 5/20/16), 191 So.3d 1066. We note, however, that although the record indicates Preston filed an opposition, Preston has not disputed Southern's argument that his opposition consisted of only argument, with no supporting evidence offered.

11

material fact and failed to rebut the presumption that Southern was his statutory employer. See La. Code Civ. P. art. 967B; **Fleming**, 985 So.2d at 148.

As the statutory employer, Southern is entitled to tort immunity. Thus, any issues of fact regarding Southern's negligence, which Preston alleges are unresolved, are immaterial for purposes of the motion for summary judgment. Likewise, we find no merit to Preston's argument that summary judgment was granted before he had the opportunity to conduct adequate discovery regarding Southern's "legal duty to [him] and [Southern's] level of certainty that injury would result from their actions or lack thereof." We further note that there is no absolute right to delay action on a motion for summary judgment until discovery is complete; rather, the requirement is only that the parties have a fair opportunity to carry out discovery and to present their claim. **Murphy v. MKS Plastics, L.L.C.**, 2019-1485 (La. App. 1st Cir. 9/21/20), 314 So.3d 65, 70, writ denied, 2020-01225 (La. 12/22/20), 307 So.3d 1041. Preston has not shown that the trial court abused its discretion in granting the summary judgment that Southern filed more than six years after this suit was filed.

For the foregoing reasons, we find that Southern's motion for summary judgment was properly granted. For the same reasons, we find no merit to Preston's contentions that the trial court erred in denying his motion for new trial.

## CONCLUSION

We affirm the trial court's May 24, 2019 judgment granting summary judgment and dismissing Preston's claims against Southern, as well as the trial court's October 18, 2019 judgment denying Preston's motion for new trial. Costs of this appeal are assessed to the plaintiff/appellant, Brendon Preston.

**AFFIRMED.**

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT
2020 CA 0035

BRENDON PRESTON

VERSUS

SOUTHERN UNIVERSITY THROUGH
THE BOARD OF SUPERVISORS OF SOUTHERN UNIVERSITY
AGRICULTURAL AND MECHANCIAL COLLEGE

PENZATO, J., dissenting.

I respectfully dissent from the majority opinion affirming the summary

judgment in favor of Southern. In determining whether summary judgment is

appropriate, appellate courts review evidence *de novo* under the same criteria that

govern the trial court's determination of whether summary judgment is

appropriate. *Reynolds v. Bordelon*, 2014-2371 (La. 6/30/15), 172 So. 3d 607, 610.

Because it is the applicable substantive law that determines materiality, whether a

particular fact in dispute is material can be seen only in light of the substantive law

applicable to the case. *Marks v. Schultz*, 2020-0197 (La. App. 1st Cir. 12/10/20),

316 So. 3d 534, 538.

In this case the substantive law is based on interpretation of a contract. The

pertinent issue is whether Southern carried its burden of proof as the mover for

summary judgment that the contract between it and Benbrook establishes that a

statutory employer relationship exists pursuant to La. R.S. 23:1061(A)(3).[1]  An

---

[1] The majority notes in its opinion that Preston "concedes" in his appellate brief that the contract references a statutory employer relationship. A judicial confession is a declaration made by a party in a judicial proceeding and constitutes full proof against the party who made it. La. C.C. art. 1853. A declaration that expressly acknowledges an adverse fact and is made by a party in a judicial proceeding is a judicial confession. *Cola v. Cola*, 2019-0530 (La. App. 1st Cir. 12/27/19), 294 So. 3d 6, 11, *writ denied*, 2020-00344 (La. 6/3/20), 296 So. 3d 1068. An admission made by a party in a **pleading** constitutes a judicial confession, which has the effect of waiving evidence as to the subject of the admission. *C.T. Traina, Inc. v. Sunshine Plaza, Inc.*, 2003-1003 (La. 12/3/03), 861 So. 2d 156, 159. However, the pleadings allowed in civil actions are petitions, exceptions, written motions, and answers. La. C.C.P. art. 852. Memorandums, oppositions, or briefs do not constitute **pleadings**. *See Meaux v. Galtier*, 2007-2474 (La. 1/25/08), 972 So. 2d 1137, 1138. Furthermore, the argument of counsel and briefs, no matter

1

employer seeking to avail itself of tort immunity bears the burden of proving its entitlement to immunity. *Spears v. Exxon Mobil Corp. & Turner Industries Group, L.L.C.*, 2019-0309 (La. App. 1st Cir. 12/17/19), 291 So. 3d 1087, 1092. Except in the two-contract situation set forth in La. R.S. 23:1061(A)(2), which is not present in the instant case, "a statutory employer relationship shall not exist ... unless there is a written contract between the principal and a contractor ..., **which recognizes the principal as a statutory employer**." La. R.S. 23:1061(A)(3) (emphasis added). The majority determines that the contract between Benbrook and Southern sufficiently satisfies the requirement of La. R.S. 23:1061(A)(3) that the contract "recognizes the principal as a statutory employer." I disagree.

**Contract Does Not Satisfy the Requirements of La. R.S. 23:1061(A)(3)**

The sole reference in the contract to the word "Statutory" and the language relied upon by the majority is an insurance provision that required Benbrook to provide "Workers' Compensation—Statutory—in compliance with the Compensation law of the State[.]" I find that this contract language does not recognize the statutory employer relationship as required by La. R.S. 23:1061(A)(3). The majority fails to apply the jurisprudence interpreting La. R.S. 23:1061(A)(3), including that of this circuit, requiring an **express** recognition of a statutory employer relationship in the contract. Because the workers' compensation statutes are in derogation of the universal right to sue for damages provided by La. C.C. art. 2315, the immunity provisions must be strictly construed. *Smith v. Brown*, 2011-1749 (La. App. 1st Cir. 8/15/12), 97 So. 3d 1186, 1191, *writ denied*, 2012-2015 (La. 11/16/12), 102 So. 3d 39. I am of the opinion that since the immunity provisions are to be strictly construed, the "recognition" of a

---

how artful, are not evidence. *Seale & Ross, P.L.C. v. Holder*, 2019-1487 (La. App. 1st Cir. 8/3/20), 310 So. 3d 195, 204. Therefore, the statement made by Preston in his brief does not constitute a judicial admission. Regardless, the determination of whether the contract satisfied the requirement of La. R.S. 23:1061(A)(3) is a question of law for the court to decide. *See Johnson v. Odom*, 536 So. 2d 541, 548 n.4 (La. App. 1st Cir. 1988), *writ denied*, 537 So. 2d 313 (La. 1989).

2

statutory employer relationship should only be found when expressly stated, as has been set forth in the jurisprudence of this court and other courts in Louisiana.

Numerous cases require that recognition of a statutory employer relationship in a written contract be express. In *Ernest v. Petroleum Service Corp.*, 2002-2482 (La. App. 1st Cir. 11/19/03), 868 So. 2d 96, 99, *writ denied*, 2003-3439 (La. 2/20/04), 866 So. 2d 830, this court specifically noted that the contract in effect between the parties at the time of the accident "did not provide an express provision stating that [the principal] was the statutory employer of [the contractor's] employees." Therefore, there was no statutory employer relationship between the principal and an employee of the contractor. *Ernest*, 868 So. 2d at 99. The majority attempts to distinguish *Ernest* by indicating that this court clarified the above statement, but it actually **reinforced** that "nothing in the contract provided that [the principal] was the statutory employer of [the contractor's] employees." *Ernest*, 868 So. 2d at 99. Thus, there was no statutory employer relationship without such express provision.

This court also held that no statutory employer relationship existed when nothing in a commercial lease served to establish such relationship. *Labranche v. Fatty's, LLC*, 2010-0475 (La. App. 1st Cir. 10/29/10), 48 So. 3d 1270, 1274. Furthermore, other courts have consistently found no statutory employer relationship when the contract at issue did not contain an express provision recognizing such relationship. The court in *Willis v. Redfish Renovations, LLC*, 2004-0968 (La. App. 4th Cir. 12/15/04), 891 So. 2d 748, 751, *writ denied*, 2005-0138 (La. 4/1/05), 897 So. 2d 603, explicitly held:

> In the present case, the record reflects that the contract between [the principal] and [the contractor] does not provide an express provision stating that [the principal] was a statutory employer of [the contractor's] employees. Since the contract between [the principal] and [the contractor] fails to include the necessary provision, [the principal] does not satisfy the criteria for a statutory employer pursuant to La. R.S. 23:1061(A)(3).

In *DeClues v. Carubba Engineering, Inc.*, 2006-1336 (La. App. 4th Cir. 3/28/07), 955 So. 2d 711, 714, *writ denied*, 2007-0839 (La. 6/15/07), 958 So. 2d 1192, the court held that because there was no language in the contract describing the defendant as the "statutory employer," no statutory employer relationship existed. *Ritter v. Exxon Mobile Corp.*, 2008-1404 (La. App. 4th Cir. 9/9/09), 20 So. 3d 540, 545, held that no statutory relationship existed where the pertinent contract did not contain a statutory employer provision, which Exxon attempted to cure by amendment to the contract dated three days after the accident at issue. *Dugan v. Waste Management, Inc.*, 45,407 (La. App. 2nd Cir. 6/23/10), 41 So. 3d 1263, 1267, determined that no statutory employer relationship existed pursuant to La. R.S. 23:1061(A)(3) where the written contract did not recognize the employees of the contractor as the statutory employees of the principal.

The majority does not address any of the above cases, with the exception of *Ernest*, which it attempts to distinguish along with *Fleming v. JE Merit Constructors, Inc.*, 2007-0926 (La. App. 1st Cir. 3/19/08), 985 So. 2d 141, 146 (which did contain an express recognition of the statutory employer relationship), by claiming that those cases involved an express recognition of the statutory employer relationship, rather than a general recognition. However, the majority cites to no case which recognized a statutory employer relationship "generally" rather than "expressly."

Additionally, numerous first circuit cases have found the existence of a statutory employer relationship and have applied the "trade, business, and occupation" defense to defendants who have entered into contractual agreements where there was explicit language recognizing the defendant as a statutory employer. *See King v. Debusk Services Group, L.L.C.*, 2017-1577 (La. App. 1st Cir. 9/4/19), 2019 WL 4201475, at *4 (unpublished) (contract stated principal shall

4

be considered the statutory employer of contractor's employees, agents, or subcontractors); *Patterson v. Raceland Equipment Company, LLC*, 2017-0703 (La. App. 1st Cir. 4/18/18), ___ So. 3d ___, ___, 2018 WL 1870156, at *3, *writ denied*, 2018-1018 (La. 10/8/18), 253 So. 3d 799 (agreement provided that the parties recognized defendant as the statutory employer of contractor's employees); *Kazerooni v. Monster Rentals, L.L.C.*, 2015-0276 (La. App. 1st Cir. 11/6/15), 2015 WL 6841913, at *3 (unpublished) (master service agreement explicitly recognized the statutory employer relationship); *Mitchell v. Southern Scrap Recycling, L.L.C.*, 2011-2201 (La. App. 1st Cir. 6/8/12), 93 So. 3d 754, 758, *writ denied*, 2012-1502 (La. 10/12/12), 99 So. 3d 47 (contractual language "shall be considered the … 'statutory employer'…" clearly recognized the defendant's status as statutory employer); *Burkstaller v. Surgical Synergies, Inc.*, 2011-1211 (La. App. 1st Cir. 2/10/12), 2012 WL 602075, at *2 (unpublished) (principal submitted summary judgment evidence of written agreement expressly recognizing the statutory employer relationship between principal and contractor, and thus, rebuttable presumption of statutory employer relationship existed); *Fleming*, 985 So. 2d at 146-47 (finding amendment to a contract satisfied the necessary written contract and was made in order "to comply with the amended statute requiring a written contract expressly recognizing [defendant] as a statutory employer"); *Everett v. Rubicon, Inc.*, 2004-1988 (La. App. 1st Cir. 6/14/06), 938 So. 2d 1032, 1042, *writ denied*, 2006-1785 (La. 10/13/06), 939 So. 2d 369 (finding the defendant entitled to immunity because the contract explicitly recognized the defendant as the contractor's statutory employer); and *Jackson v. St. Paul Insurance Co.*, 2004-0026 (La. App. 1st Cir. 12/17/04), 897 So. 2d 684, 689 (finding that La. R.S. 23:1061(A)(3) applied because the contract between the defendant and the general contractor explicitly recognized the defendant as a statutory employer).

5

The other Louisiana appellate courts have similarly required explicit language. *See Louque v. Scott Equipment Co., LLC*, 2016-507 (La. App. 5th Cir. 2/8/17), 212 So. 3d 1203, 1209-10, *writ denied*, 2017-00372 (La. 4/13/17), 218 So. 3d 629 (provision that stated buyer shall be considered the statutory employer of employees, agents, and subcontractors of contractor was sufficient once party submitted evidence it was a buyer); *Garcia v. Lewis*, 50,744 (La. App. 2nd Cir. 6/22/16), 197 So. 3d 738, 742, *writ denied*, 2016-1382 (La. 11/7/16), 205 So. 3d 891 (agreement expressly stated that the principal shall be deemed the statutory employer of each and every employee of the contractor); and *Ramos v. Tulane University of Louisiana*, 2006-0487 (La. App. 4th Cir. 1/31/07), 951 So. 2d 1267, 1269 (contract explicitly recognized principal as the statutory employer of contractor's employees and subcontractors).

The majority relies on the following cases to support the presumption of statutory employment: *Spears*, *Patterson*, and *Mitchell*. However, these cases all included language containing an express recognition of a statutory employer relationship. *Spears* held that for the statutory presumption to apply, the principal "must prove the existence of a written contract **containing the necessary declaration of its statutory employment status.**" *Spears*, 291 So. 3d at 1092 (emphasis added). This court determined that an excerpt of the contract "contain[ed] a section **expressly** recognizing" the principal as the statutory employer. *Spears*, 291 So. 3d at 1092 (emphasis added). In *Patterson*, the contract language contained the words "[t]he parties recognize [principal] as the statutory employer of Contractor's employees[.]" *Patterson*, ___ So. 3d at ____, 2018 WL 1870156, at *3. The contract language at issue in *Mitchell* stated that it was the intent of the parties that the principal was the statutory employer of the contractor's employees, which this court held clearly recognized the statutory employer relationship. *Mitchell*, 93 So. 3d at 758. No such language is present in

the contract in the instant case. Consequently, I do not find that the contract at issue satisfies the requirement of La. R.S. 23:1061(A)(3).

**Contract Interpretation**

Moreover, I find that the use of the **singular** word "Statutory" mandating that Benbrook maintain workers' compensation insurance according to the statutes and laws of this state is not a recognition of a statutory employment relationship that fulfills the requirement of La. R.S. 23:1061(A)(3). "Statutory" is an adjective defined by Black's Law Dictionary (11th ed. 2019) as "Of, relating to, or involving legislation." There are numerous examples of "statutory" referring to different legal principles, such as statutory liability, statutory indemnity, a statutory period, a statutory action, a statutory duty, or statutory damages. Not all uses of the word "statutory" apply to a "statutory employer."

To determine the meaning of words used in a contract, a court should give them their "generally prevailing meaning." La. C.C. art. 2047; *Boh Bros. Construction Co., L.L.C. v. State ex rel. Department of Transportation & Development*, 2008-1793 (La. App. 1st Cir. 3/27/09), 9 So. 3d 982, 985. Furthermore, if a word is susceptible of different meanings, it "must be interpreted as having the meaning that best conforms to the object of the contract." La. C.C. art. 2048; *McCary v. Oceaneering International, Inc.*, 2017-1163 (La. App. 1st Cir. 2/27/18), 243 So. 3d 613, 616. The provision requiring Benbrook to maintain workers' compensation insurance also contains clauses requiring Benbrook to maintain commercial general liability insurance and automobile liability insurance with minimum liability limits of $1,000,000.00. Although the workers' compensation clause does not contain a specific liability limit, I find that it is a reference to La. R.S. 23:1168, which requires an employer to secure workers' compensation for its employees by one of several options, such as self-insurance or by obtaining workers' compensation insurance from an entity authorized to

7

transact the business of workers' compensation insurance in Louisiana. Therefore, the provision at issue is an insurance provision, not an employment provision, as the word "Statutory" in the insurance requirement refers to Benbrook's complying with the statutory requirements for workers' compensation insurance for the State of Louisiana for its employees.

The majority relies on La. C.C. art. 2049, which states that "[a] provision [of a contract] susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective." However, the interpretation that the word "Statutory" in the contract refers to insurance requirements, rather than the employment relationship, does not render the meaning ineffective. Instead, such interpretation gives meaning in "light of the other provisions so that each is given the meaning suggested by the contract as a whole." La. C.C. art. 2050. Given the fact that the provision relied upon by the majority is contained in the insurance provisions mandating commercial general liability insurance and automobile liability insurance, interpreting the contract as a whole, the clause containing the word "Statutory" refers to Southern's requirement that Benbrook provide workers' compensation insurance. Such interpretation renders no terms superfluous. Furthermore, the contract does not mention a statutory employer relationship between Benbrook and Southern whatsoever. Therefore, I disagree that the manner in which the parties used the word "Statutory" in the contract conveys a statutory employer relationship.

As I am of the opinion that the contract herein did not recognize a statutory employer relationship, I do not find that Southern carried its burden of proof on the motion for summary judgment. Therefore, no rebuttable presumption arose and the burden should not have shifted to Preston to demonstrate the work he was performing at the time was "not an integral part of or essential to the ability of the principal to generate that individual's goods, products, or services." La. R.S.

8

23:1061(A)(3); *Patterson*, ___ So. 3d at ____, 2018 WL 1870156, at *3. I respectfully dissent and would reverse the trial court's grant of summary judgment and dismissal of Preston's claims.